His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, as follows:
*490 • Plaintiff sues for the return of the earnest money he had deposited to bind an executory agreement of sale dated July 25th, 1914, by the terms of which he had obligated himself to buy and the defendant to sell to him two lots of ground in this city.
One of the grounds upon which plaintiff demands the return of his deposit is that defendant had no title to the property.
At the time the agreement of sale was entered into and the suit filed defendant’s title to the two lots arose solely from the fact that at a judicial sale in the Succession of Parker, July 7, 1914, one lot was adjudicated to him and the other to L. Levy, who thereafter had assigned to him his rights as adjudicatee.
Plaintiff repeatedly, but without avail, called upon the defendant to complete the adjudication and finally on August 21, 1914, filed the present suit for the recovery of the deposit after having constantly warned and threatened defendant that he would do so.
Defendant, citing E. C. C., 2623, maintains that his title was sufficient because “the adjudication made and recorded by the auctioneer” is in itself “a complete title to the purchaser.”
But in order to come within the purview of this article, it is the auctioner’s proces verbal of the adjudication that must bo recorded and this was not done in the present instance either before or after the suit was filed. All that was ever recorded was a mere receipt issued to the adjudicatee for a partial payment made by him at the time of the adjudication, and signed, not by the auctioneer, but by another purporting to act on his behalf. This is clearly not the equivalent of the auctioneer’s proces Verbal, and is not sufficient, under the article cited, to vest title in the purchaser.
*491 Opinion and decree, June 26th, 1916.
Rehearing refused, July 12th, 1916.
Writ applied for, but not as yet passed upon. August 3rd, 1916.
Several months after this suit was filed defendant finally acquired title to the lots through formal conveyance from the succession pursuant to the adjudication and thereafter tendered title to plaintiff who declined .same. And in a supplemental petition filed on the day fixed for trial, that is, nearly a year and a half after the institution of the suit, he sets up these facts and prays that plaintiff’s demand for the return of the earnest he denied on the ground that it has been forfeited by plaintiff’s refusal to accept a conveyance at that late date.
But when the suit was begun and for many months thereafter defendant was unable to convey title and consequently was in no position to resist plaintiff’s demand for the restitution of the earnest money deposited to bind the agreement. He cannot now defeat the action by acquiring and tendering a title at his convenience after this long delay has elapsed.
The judgment is accordingly set aside and reversed and it is now decreed that there be judgment in favor of plaintiffs herein and against defendant for the sum of $395, with legal interest thereon from August 11, 1914, until paid and the costs of both Courts.
Reversed.